IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Heather Perrow, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:09-cv-0670 |
| | : | |
| v. | : | |
| | : | Judge Marbley |
| Grand Canyon Education, Inc. et al., | : | Magistrate Judge Kemp |
| | : | |
| Defendant(s). | : | |

## FIRST AMENDED COMPLAINT

Plaintiff, Heather Perrow, for her Complaint against Defendants Grand Canyon University, Inc and Grand Canyon Education, Inc., state as follows:

### ALLEGATIONS COMMON TO ALL CLAIMS

1. Plaintiff Heather L. Perrow ("Mrs. Perrow") is a citizen of the State of Ohio and Franklin County, Ohio.

2. Defendant Grand Canyon University ("GCU") is an undergraduate and masters level educational institution based in Phoenix, Arizona. GCU offers degree programs on-line and advertises their various programs nationwide in internet and print advertisements.

3. Defendant Grand Canyon Education, Inc. ("GCE, Inc.") is a Delaware corporation for profit and appears to be the owning and operating entity of GCU.

### JURISDICTION

4. Jurisdiction is proper under Ohio's Long Arm Statute, R.C. § 2307.382, which provides in part:

> A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

(1) Transacting any business in this state;
(2) Contracting to supply services or goods in this state;....
(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or services rendered in this state; ....
(6) Causing tortuous injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;...

5. GCE, Inc. through its subsidiary, GCU, transacts business in the State of Ohio. They sell products and services within and to the residents of the State of Ohio. These products and services include on-line educational classes and material and books to accompany such on-line educational classes.

6. GCE, Inc. through its subsidiary, GCU, contracts with Ohio residents to supply services, namely on-line educational services to the residents of the State of Ohio. Ohio residents access these services from within the State of Ohio.

7. GCE, Inc. through its subsidiary, GCU caused injury to Mrs. Perrow while she was within the State of Ohio by enrolling her in the incorrect educational degree program. The Defendants regularly do business with residents of the State of Ohio within Ohio's boundaries.

8. In order to utilize Ohio's Long Arm Statute, it is necessary to show the Defendants had minimum contacts with the forum state to show they availed themselves of jurisdiction in the State of Ohio. As shown below, GCE, Inc. through its subsidiary, GCU, was in regular contact with the Plaintiff for two years by assisting her with registration and financial aid documents, registering her for classes and requiring her to order her course material and text books through their on-line bookstore.

9. Exercising jurisdiction in Ohio will not upset the notions of fair play and substantial justice. The Defendants caused harm to a resident of the State of Ohio and should therefore answer for that harm in an Ohio court. Ohio and its courts have a great interest in seeing that their citizens are protected from the tortious conduct of out of state businesses reaping profits from Ohio consumers and it is reasonable for Ohio to exercise jurisdiction over such cases.

## **FACTS**

10. Plaintiff realleges and incorporates paragraphs 1 through 9 of this Complaint as if fully restated herein.

11. In January 2007, Plaintiff Heather Perrow ("Perrow") researched various on-line degree programs in order to pursue a Masters Degree in Education. After much research Mrs. Perrow decided upon and contacted GCU regarding their Masters of Education programs. Mrs. Perrow was informed that GCU offered multiple Masters of Education programs for students of varying educational backgrounds.

12. Mrs. Perrow contacted the State of Ohio and confirmed GCU's certification with the State for their Master of Education program to ensure she would be eligible for certification in the State of Ohio upon completion of the correct program.

13. Mrs. Perrow contacted GCU regarding her enrollment to complete her Master of Education degree. Mrs. Perrow completed and submitted Transcript Request forms and initial enrollment forms supplied by GCU in order to begin the enrollment process. Representatives from GCU assisted Mrs. Perrow with the completion of registration materials and federal financial student aid paperwork.

14. In March of 2007, Mrs. Perrow was contacted by Jason Brand. Mr. Brand identified himself as an enrollment counselor for GCU. Mr. Brand informed Mrs. Perrow that GCU was in possession of Mrs. Perrow's undergraduate transcript for her Bachelor of Arts in Dance from Slippery Rock University in Slippery Rock, Pennsylvania as well as the transcript for her Master of Fine Arts degree in Dance from The Ohio State University in Columbus, Ohio. Mr. Brand then began the enrollment process to place Mrs. Perrow in the Masters of Arts in Teaching Program of Study.

15. Multiple times in her conversations with Mr. Brand, Mrs. Perrow inquired about her educational background and assured that the Masters of Arts in Teaching was the correct program to make Mrs. Perrow eligible to teach in the State of Ohio. She was told on multiple occasions that her previous education dictated that she complete this program in order to be eligible to become a certified teacher in the State of Ohio.

16. According to the terms of her enrollment at GCU, Mrs. Perrow's course of study followed a course sequence and required continuous enrollment by Mrs. Perrow. Mrs. Perrow was automatically registered into the required classes each semester and her scheduling was under the complete control and absolute discretion of GCU. At no time after her initial enrollment did Mrs. Perrow have the opportunity to alter or deviate from the predetermined course schedule.

17. In October 2008, Mrs. Perrow completed all of the requirements of the Masters of Arts program and contacted GCU to inquire about applying for student-teaching positions in the central Ohio area. It was at this time that Mrs. Perrow was advised that she had completed the incorrect degree program and would therefore be ineligible to student teaching positions and therefore ineligible to obtain certification for teaching from the State of Ohio.

18. Mrs. Perrow contacted GCU and was informed that Mr. Brand was no longer employed by the university. She was further advised that in order for certification with the State of Ohio, she would be required to re-enroll in the correct masters degree program at her own expense. She was also informed that this was not the first call the university had received with regard to the same issue.

19. Mrs. Perrow has re-enrolled in the correct Masters of Arts in Education program at GCU and will not be eligible for a certified teaching position in Ohio until completion of the two-year program and subsequent completion of a student teaching position.

## FIRST CAUSE OF ACTION
## NEGLIGENCE

20. Plaintiff realleges and incorporates paragraphs 1 through 19 of this Complaint as if fully restated herein.

21. Defendants GCU and GCE Inc. owed a duty to Mrs. Perrow to provide her with qualified enrollment advisors to ensure she was enrolled in the correct degree program for both her educational background and her state of residency's certification requirements.

22. Defendants GCU and GCE, Inc. negligently breached this duty owed to Plaintiff by negligently employing academic advisors who enrolled Mrs. Perrow in the incorrect program.

23. As a direct and proximate result of Defendants' negligence, Mrs. Perrow has been unable to attain a certified teaching position in the State of Ohio and has additionally been required to re-enroll in the correct Masters of Arts program at GCU. Mrs. Perrow will be unable to attain a position until completion of the correct program.

WHEREFORE, Plaintiffs demand judgment against Defendants on Plaintiffs' First Cause of Action in an amount which has yet to be ascertained, but in excess of twenty-five thousand

dollars ($25,000.00) which will be proven at trial, together with interest, attorney fees, costs, and such other and further relief as this Court deems just and proper under the circumstances.

## SECOND CAUSE OF ACTION
## FRAUDULENT INDUCMENT

24. Plaintiffs realleges and incorporates paragraphs 1 through 23 of this Complaint as if fully restated herein.

25. Defendant GCU made representations to Mrs. Perrow as set forth above which were material to the transaction.

26. Defendant GCU and their employee, Mr. Brand, made representations to Mrs. Perrow with utter disregard and recklessness regarding the truth or falsity of the representations.

27. GCU and their employee, Mr. Brand, made representations to Mrs. Perrow with the intent to mislead Mrs. Perrow into entering into the transaction.

28. Mrs. Perrow justifiably relied upon GCU and Mr. Brand's representations.

29. As a proximate result of Mrs. Perrow's reliance upon GCU and Mr. Brand's representations, Mrs. Perrow has been damaged in an amount to be determined at trial, but in excess of Twenty-Five Thousand Dollars ($25,000.00).

WHEREFORE, Plaintiffs demand judgment against Defendants on Plaintiff's Second Cause of Action in an amount which has yet to be ascertained, but which will be proven at trial, together with interest, attorney fees, costs, and such other and further relief as this Court deems just and proper under the circumstances.

## THIRD CAUSE OF ACTION
## UNJUST ENRICHMENT

30. Plaintiff realleges and incorporates paragraphs 1through 29 of this Complaint as if fully restated herein.

31. A benefit has been conferred by Mrs. Perrow to GCU and GCE, Inc. in the form of Mrs. Perrow's tuition.

32. GCU and GCE, Inc. have knowledge of the benefit conferred.

33. Retention of the benefit by GCU and GCE, Inc. under the circumstances would be unjust to do so.

34. Mrs. Perrow has been damaged in an amount to be determined at trial by the actions of GCU and GCE. Inc.

WHEREFORE, Plaintiff demands judgment against Defendants on Plaintiff's Third Cause of Action in an amount which has yet to be ascertained, but which will be proven at trial, together with interest, attorney fees, costs, and such other and further relief as this Court deems just and proper under the circumstances together with interest, attorney fees, costs, and such other and further relief as this Court deems just and proper under the circumstances.

Respectfully Submitted,

/s/ Clayton D. Hall
Clayton D. Hall (0078876)
2014 Collingswood Road
Upper Arlington, Ohio 43221
Telephone: (614) 481-8662
Facsimile: (614) 481-8335
clayton@law-cdh.com
*Attorney for Plaintiff*